*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-458

SEPTEMBER TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Scott Manfredi | } | DOCKET NO. 797-5-12 Rdcr |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction for stalking following a bench trial. He argues that reversal is warranted because the court failed to obtain a valid waiver of counsel. We affirm.

Defendant was charged with stalking in May 2012. At his arraignment, defendant waived his right to counsel on the record. The record indicates the following exchange:

THE COURT: You are Mr. Manfredi?

DEFENDANT: Yes.

THE COURT: All right. We're on the record in State v. Scott Anthony Manfredi, docket 797-5-12. Mr. Manfredi, you want to represent yourself in this case?

DEFENDANT: Yes, I do.

THE COURT: Okay. You understand you have the right to be represented by an attorney during all stages of the proceedings in this case?

DEFENDANT: Yes.

THE COURT: You understand, if you cannot afford to hire an attorney at your own expense, the Court will consider assigning a public defender or private counsel to represent you at State expense?

DEFENDANT: Yes. Yes.

THE COURT: You understand there are many things a legally-trained attorney can do to better look out for your legal interests than you can do?

DEFENDANT: Yes, I do.

THE COURT: Okay. Knowing all that, you still want to represent yourself?

DEFENDANT: Yes.

THE COURT: Okay. I'll accept your waiver; find that you've made it knowingly and voluntarily. And did you receive the paperwork charging you with stalking?

DEFENDANT: Yes, I did.

THE COURT: Did you have a chance to read through it?

DEFENDANT: Yes.

THE COURT: Are you satisfied you understand it?

DEFENDANT: Yeah, I understand everything.

THE COURT: Do you want me to read anything to you?

DEFENDANT: No.

THE COURT: Okay. You've got the right to enter any one of the three pleas: not guilty, guilty, or nolo contendere. You also have the right to wait at least twenty-four hours before entering any plea—

DEFENDANT: Right.

THE COURT: —to give you more time to think about it. Do you want more time, or do you want to enter a plea today?

DEFENDANT: I don't---I'm pleading not guilty to this---

THE COURT: Okay. All right.

Defendant also executed a written waiver-of-counsel form. In this waiver, defendant acknowledged that the court had advised him that he was entitled to be represented by an attorney during all stages of the proceedings in the case, and that if he could not afford to hire an attorney, the court would consider assigning the public defender or private counsel to represent him at state expense. He also acknowledged that: "I fully understand my right to an attorney. However, I DO NOT WISH TO BE REPRESENTED BY AN ATTORNEY and I waive my right to be represented by an attorney in this case."

Defendant also waived his right to a jury trial. Following a court trial, defendant was found guilty of stalking in violation of 13 V.S.A. § 1062. After being sentenced, defendant appealed.

Defendant argues that the court erred in accepting his waiver of counsel. Specifically, he contends that the trial court must engage in a two-part assessment before accepting a waiver as valid, and that we must reverse if the test is not satisfied. Citing State v. Pollard, 163 Vt. 199, 206 (1995), defendant asserts that the court must first be satisfied that the defendant is competent to waive counsel, and if so, the court must determine if the waiver is made knowingly with full awareness of the consequences of the waiver. According to defendant, to satisfy this second

2

prong, the trial court must "conduct sufficient inquiry into the defendant's experience, motives, and understanding of what he is undertaking to determine the quality of his purported waiver," and then "provide a clear explanation of the adverse consequences of pro se representation." Citing id. at 207 (quotations omitted). Defendant argues that there is nothing in the record here to suggest that the court made any determination as to his competency to waive counsel. He also asserts that the court did not question him sufficiently to ensure that he was waiving his right to counsel knowingly with full awareness of the consequences of the waiver.

We find no reversible error. As defendant correctly posits, a "waiver of the right to counsel must be knowing and intelligent." State v. Stetson, 169 Vt. 590, 592 (1999) (mem.). We have stated that "[t]his requires the trial court to conduct an inquiry into the nature of a defendant's understanding of the rights he is waiving," and that the trial court "should seek to uncover a defendant's experience, motives, and understanding of what he is undertaking and provide a clear explanation of the adverse consequences of pro se representation." Id. (citation omitted). At the same time, however, we have also recognized that there may be situations where the court does not need "to provide a defendant with a lengthy and detailed explanation of his rights or to carefully probe his understanding." Id. Rather than adhering to a strict two-part test, we "look to the totality of the circumstances" in assessing whether defendant executed a valid waiver. Id.

This case is not like Pollard, 163 Vt. 199, where the defendant's mental competency was in question from the outset of the case. In Pollard, the trial court sua sponte ordered a competency evaluation based on the defendant's behavior at his arraignment. Id. at 201. The defendant, among other things, smiled and grinned frequently when it was inappropriate to the occasion or to his situation. At other times, he appeared angry and hostile. He used words that did not always make sense in the context that they were used. He appeared to be holding his breath at times during the proceeding as though trying to restrain himself. He provided inappropriate or unintelligible responses to the court's questioning. Thus, while the defendant insisted that he understood the nature of the proceedings and his procedural and constitutional rights, the trial court found it apparent that he did not. Id. The serious questions about the defendant's competence were then compounded by the evidence presented at the competency hearing. Although a doctor found the defendant mentally competent, we concluded that the evidence clearly indicated otherwise. With respect to the defendant's ability to waive his right to counsel, we found that, under the circumstances of this case, the trial court should have engaged in a much more thorough discussion with the defendant to determine if he was truly capable of knowingly and intelligently waiving his rights. Id. at 205-08.

We are faced with much different circumstances here. There is simply no suggestion in the record that defendant was mentally incompetent or that he did not understand his rights or the consequences of waiving those rights. The court did not need to make a specific finding that defendant was mentally competent under these circumstances. Defendant was coherent and responsive to the court's questions. We also find the court's questioning sufficient to demonstrate that defendant had a full understanding of his rights and the consequences of waiving them. The court explained to defendant in clear terms that he had a right to an attorney, and that an attorney was better equipped than defendant to look out for his legal interests. Defendant indicated that he understood, and he was unequivocal in his desire to proceed pro se. He not only expressed this intent to the court orally, but he also executed a written waiver to this effect. Defendant makes no claim that he did not understand what he was signing. While the court might have said more to defendant, and it would have been better practice to do so, its failure to do so in this case does not require reversal. This is a case where defendant's

statements and conduct establish that "in-depth inquiry or extensive advice" was unnecessary. State v. Merrill, 155 Vt. 422, 426 (1990). This is particularly true given defendant's extensive experience with the criminal justice system—the record indicates that he has four felony convictions and over twenty misdemeanor convictions. Under the totality of the circumstances presented here, we conclude that defendant's waiver of the right to counsel was knowing and intelligent.[*]

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[*] In a footnote, counsel indicates that she has reason to believe that defendant suffers from various ailments. Counsel does not explain how these alleged ailments rendered this particular waiver invalid and, absent any particular argument, we do not address this issue. See In re S.B.L., 150 Vt. 294, 297 (1988) (appellant bears burden of demonstrating how the trial court erred warranting reversal, and Supreme Court will not comb the record searching for error).